**UNITED STATES DISTRICT COURT**
**FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JASON FRINK, <br><br> Plaintiff <br><br> v. <br><br> STELLAR RECOVERY, INC., <br><br> Defendant | ) <br> ) <br> ) <br> ) <br> ) **Case No.:** <br> ) <br> ) **COMPLAINT AND DEMAND FOR** <br> ) **JURY TRIAL** <br> ) <br> ) **(Unlawful Debt Collection Practices)** |

## COMPLAINT

JASON FRINK ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against STELLAR RECOVER, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Pennsylvania and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

5. Plaintiff is a natural person residing in Trevose, Pennsylvania, 19053.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with corporate headquarters located at 4500 Salisbury Road, Suite 105, Jacksonville, Florida 32216.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, collectors, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times herein, Defendant was attempting to collect a consumer debt and contacted Plaintiff in its attempts to collect that debt.

11. Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore, the debt, if truly an obligation owed by him, could only have arisen out of financial obligation primarily for personal, family, or household purposes.

12. Between October 2015 and November 2015, Defendant contacted Plaintiff on his cellular telephone, seeking and demanding payment of an alleged debt.

13. Defendant's calls derived from the numbers including, but not limited to: (215) 391-1776. The undersigned has confirmed that this number belongs to Defendant.

14. Plaintiff informed Defendant in October 2015 that he was unable to make payments towards the alleged debt given his current financial circumstances.

15. Rather than ending its collection calls, Defendant persisted in its attempts to secure payment from Plaintiff, knowing he was unable to pay.

16. During a subsequent call, Plaintiff again explained his financial situation, informed Defendant that he would call them back when he was able to pay, and requested all

communication to cease immediately.

17. Defendant ignored Plaintiff's repeated request for the collection calls to end and continued to call Plaintiff.

18. Finally, within five days of its initial communication with Plaintiff, Defendant failed to send Plaintiff written correspondence setting forth his rights pursuant to the FDCPA.

19. Defendant's actions as described herein were made with the intent to harass, upset, deceive, and coerce payment from Plaintiff.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

20. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692d and § 1692d(5).

21. A debt collector violates § 1692d of the FDCPA by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

22. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

23. Defendant violated §1692d and§ 1692d(5) and of the FDCPA when it repeatedly placed calls to Plaintiff's cellular telephone and when it continued to place collection calls after being informed that Plaintiff was unable to pay.

### COUNT II

24. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f.

25. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

26. Defendant violated § 1692f of the FDCPA when it continued to place collections calls, after being informed of Plaintiff's financial situation, absent purpose, other than to harass Plaintiff.

## COUNT III

27. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692g(a).

28. A debt collector violates § 1692g(a) of the FDCPA by failing after five (5) days of its initial communication with Plaintiff, to notify him of his rights to dispute the debt and/or to request verification of the debt, as well as, providing him with the amount of the debt and the name of the original creditor.

29. Defendant violated § 1692g(a) of the FDCPA when it failed to send written notification, within five (5) days after its initial communication with Plaintiff, advising him of his rights to dispute the debt or request verification of the debt or providing him with the name of the original creditor and the amount of the debt.

WHEREFORE, Plaintiff, JASON FRINK, respectfully pray for a judgment as follows:

    a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JASON FRINK, demands a jury trial in this case.

Respectfully submitted,

Dated: October 27, 2016     By: /s/ Amy L. B. Ginsburg
Amy L. B. Ginsburg, Esquire
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com